UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VMM ENTERPRISES, INC.,

    Plaintiff,

v.       Case No. 8:07-cv-1380-T-23TBM

MICHAEL K. WELCH.,

    Defendant.
    _____/

## ORDER

VMM Enterprises, Inc. ("VMM"), sues (Doc. 1) Michael K. Welch ("Welch") for breach of contract and for violation of the Lanham Act, 15 U.S.C. § 1051. Welch moves (Doc. 5) to dismiss. Welch argues that VMM "fails to allege ultimate facts to aver when, where, how, and with whom the contract was breached . . ., fails to allege ultimate facts sufficient to establish any damage . . ., and fails to allege facts to establish that all conditions precedent to bringing this claim have been met . . ." (Doc. 5). Welch further contends that VMM fails to properly allege trademark infringement under the Lanham Act.

"The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999); citing Abruzzo v. Haller, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992). VMM alleges (and attaches to the complaint) a valid contract signed by both parties (Doc. 1 ¶ 15, Doc. 1 Ex. A). VMM alleges that Welch "inexcusably breached the

contract by refusing to honor the provisions therein and by taking actions that are specifically prohibited therein . . ." (Doc. 1 ¶ 41). VMM includes in seven sub-paragraphs a laundry list of specific instances of breach (Doc. 1 ¶ 41(a)-(g)). Finally, VMM alleges that "as a result of Defendant's breaches and wrongful conduct, VMM has suffered and will continue to suffer harm" (Doc. 1 ¶ 42). VMM clearly met its pleading burden.[1] The complaint (Doc. 1) provides Welch with a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Similarly, VMM adequately pleads a claim for copyright infringement. A claim for copyright infringement requires allegations that the defendant "used [the plaintiff's] mark in commerce without its consent and 'that the unauthorized use was likely to deceive, cause confusion, or result in mistake.'" Dunkin' Donuts Franchised Restaurants LLC v. Cardillo Capital, Inc., 2007 WL 2209245 at *4 (M.D. Fla. Jul. 30, 2007) quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 (11th Cir.1998)). VMM registered the trademark "Suddenly Slender The Body Wrap" in 1998 (Doc. 1 ¶ 14). VMM alleges that Welch uses without consent "the trade name 'Suddenly Slender, the Body Spalon' [and that the] Defendant's use of the name 'Suddenly Slender, The Body Spalon' is likely to cause customer confusion as to his affiliation with VMM [and] the origin of the services being provided . . ." (Doc. 1 at ¶ 47). VMM further alleges that Welch's action "constitute[s] a dilution of the distinctive quality of the mark" (Doc. 1 ¶

---

[1] Welch argues (Doc. 6 at 4) that "pleading a predicate act with specificity requires a complaint to answer the familiar questions of 'who, where, when, how and why." Bill Buck Chevrolet, Inc. v. GTE Florida, Inc., 54 F. Supp. 2d 1127 (M.D. Fla. 1999) quoting Florida Software Systems, Inc. v. Columbia/HCA, 46 F. Supp. 2d 1276, 1277 (M.D. Fla. 1999). The strict pleading standard of Rule 9(b), Federal Rules of Civil Procedure, does not apply to an analysis of VMM's breach of contract claim.

49). VMM sufficiently states a claim for trademark infringement. <u>La Terraza De Marti, Inc. v. Key West Fragrance & Cosmetic Factory, Inc.</u> 617 F. Supp. 544, 546 (S.D. Fla. 1985) (denying the defendant's motion for failure to state a claim because the plaintiff alleged "ownership and the registration of the mark, . . . [and that] the Defendant's use of the mark is causing confusion or mistake in the minds of the public and dilution of the quality of the Plaintiff's name resulting [in] irreparable injury to the Plaintiff's reputation and good will.").

In sum, VMM's complaint (Doc. 1) "contains factual allegations which are 'enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" <u>Berry v. Budget Rent-A-Car Systems, Inc.</u>, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) quoting <u>Bell Atlantic v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007).  Welch's motion to dismiss (Doc. 5) is **DENIED**.

ORDERED in Tampa, Florida, on _October 26th_, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE